STATE OF CONNECTICUT *v.* LOUIS M. URSINI, JR.

REVIEW DIVISION OF THE SUPERIOR COURT

Decided July 17, 1961

*John F. Wynne,* of New Haven, for the defendant.

*William B. Fitzgerald,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty, pleaded guilty to the charge of escape from custody of a deputy sheriff in violation of § 53-162 of the General Statutes and was sentenced to the state prison for a term of not less than one year and one day and not more than three years.

On October 11, 1960, the defendant was sentenced by the Court of Common Pleas in Waterbury to pay a fine of $100 and to a term of thirty days in the state jail for operating a motor vehicle while his license was under suspension. The execution of the jail sentence was ordered suspended and he was placed on probation for a period of one year. On December 20, 1960, his probation was revoked by the Court of Common Pleas and the defendant was ordered to serve the thirty-day sentence imposed on him on October 11, 1960. After the defendant's probation was revoked, he was taken from the courtroom and placed in a cell block in the building to await transportation to the New Haven state jail under a mittimus issued by the Court of Common Pleas. At about 6 p.m., the defendant asked the deputy sheriff who held him in custody if he might call his mother on the telephone, and this request was granted. The defendant, while at the telephone, made two calls. When he completed the telephone calls and was about to return to the cell, he broke away from the deputy sheriff. The deputy sheriff followed him and attempted to stop his escape. In the course of this attempt, the deputy sheriff seized

the defendant but lost his hold on him and fell to the floor, injuring himself. The defendant effected his escape but surrendered to the local police the following morning. He was later presented before the Superior Court at Waterbury, where he pleaded guilty to the charge of escape from custody.

Section 53-162 of the General Statutes provides that any person who is in the custody of any sheriff or deputy sheriff and escapes or attempts to escape from the custody of such officer shall be imprisoned in the state prison not more than three years.

While at first glance it would appear that the sentence imposed upon the defendant for the crime here involved is severe, the statute under which the defendant was convicted provides for a mandatory sentence to the state prison. The court was left with the alternative of imposing the sentence which it in fact imposed or suspending the sentence in its entirety. An examination of the defendant's past record indicates that he had been arrested on a number of occasions for minor crimes, all of which were nolled, except the one involving the operation of a motor vehicle while his license was under suspension. In the light of what transpired and the previous record of the defendant, which contains a number of arrests, the court was justified in concluding that the defendant should be confined. It accordingly imposed what amounts to the minimum sentence provided by the statute.

The sentence is affirmed.

SHAPIRO, COVELLO and HEALEY, Js., participated in this decision.